IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NETJETS INC., et al.,**

    Plaintiffs,                                                Case No. 2:12-cv-00059
                                                                    Judge Gregory L. Frost
v.                                                                     Magistrate Judge Abel

**INTELLIJET GROUP, LLC,**

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant/Counterclaim Plaintiff Intellijet Group, LLC's ("Intellijet") objections to and motion for reconsideration of the Magistrate Judge's Order denying Intellijet's motion for leave to file a second amended counterclaim. (ECF No. 35.) Also before the Court are the memorandum in response of Plaintiffs NetJets, Inc. ("NetJets") and Columbia Insurance Company (ECF No. 42), and the reply memorandum of Intellijet (ECF No. 43). For the reasons set forth below, the Court **GRANTS** Intellijet's motion for reconsideration and therefore **GRANTS** leave to file a second amended counterclaim.

**I.**

Plaintiff NetJets is a private aviation company specializing in the fractional ownership of aircraft. In December 1996, Executive Jet, Inc. (now known as NetJets), obtained a federal registration for the "INTELLIJET" trademark, which applied to a computer software system utilized for managing aircraft leasing and sales. NetJets developed the "INTELLIJET" software during the 1990s. Deposition testimony indicates that from 1995 to at least 2001, NetJets used the "INTELLIJET" software internally at NetJets' corporate headquarters in Columbus, Ohio.

1

As part of NetJets' trademark application with the United States Patent and Trademark Office ("USPTO") to register the term "INTELLIJET," NetJets stated that it used the mark in interstate commerce as of July 1995.  In September 2002, nearly six years after obtaining the trademark registration for "INTELLIJET," NetJets filed a declaration of use and incontestability with the USPTO, swearing that the "INTELLIJET" mark had been in continuous use in commerce for five consecutive years after the date of registration.

Defendant Intellijet owns the internet domain www.intellijet.com. Intellijet uses its mark without authorization or consent of NetJets.  Among other defenses, Intellijet pleads in its answer that the "INTELLIJET" mark is weak and diluted because of the multitude of federal trademark registrations for the term for a variety of good and services.  (Ans., ECF No. 11 at PageID# 38.) Intellijet also filed an amended counterclaim, in which it seeks cancellation of NetJets' registration of "INTELLIJET."  (Am. Counterclaim, ECF. No. 11 at Page ID# 39-40.)  The Amended Counterclaim pleads abandonment by NetJets as a basis for cancellation (*id.*, ¶¶ 4-6) and also pleads a claim for common law unfair competition (*id.*, ¶¶ 7-10 at PageID# 40).

Intellijet sought leave to file a second amended counterclaim, seeking to add another ground for cancellation of NetJets' registration of "INTELLIJET."  In its proposed second amended counterclaim, Intellijet alleged that the registration was "void *ab initio*" because NetJets did not make use of the term "INTELLIJET" in interstate commerce as of the claimed first date of use:

> Separately, and in the alternative, Defendant/Counterclaim Plaintiff states that Plaintiffs/Counterclaim Defendants were not using the INTELLIJET mark as a trademark in interstate commerce as of the July 2005 sworn date of first use alleged in their December 1, 1995 trademark application to the U.S. Patent & Trademark Office the date their trademark application was filed pursuant to 15 U.S.C. § 1051(a). Upon information and belief, Plaintiff/Counterclaim Defendants made no use of its IntelliJet software as a trademark in interstate

2

> commerce from July 1995 through at least December 2002. Defendant further avers that since have made no use of the INTELLIJET mark as a trademark in interstate commerce from February 2003 up until the time Plaintiffs/Counterclaim Defendants filed this lawsuit. Accordingly, since Plaintiffs claimed that they were making use of the mark in commerce on a software product as of July 1995 and made no such use for at least seven (7) years after that date, Registration No. 2,025,410 was void ab initio and must be cancelled under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051 (a). This Court has the power to order the Commissioner of Patents and Trademarks cancel a registration that is void ab initio pursuant to 15 U.S.C. § 1119.

(Proposed Second Am. Counterclaim ¶ 7, ECF No. 26-1 at PageID# 116.)

The Magistrate Judge denied Intellijet leave to file the second amended counterclaim on the ground that Intellijet's amendment was futile because it failed to state a claim that would withstand a motion to dismiss. (ECF No. 34 at PageID# 174-76.) The Magistrate Judge credited NetJets' argument that 15 U.S.C. § 1115(b) barred the proposed amendment to Intellijet's counterclaim because the statute conclusively establishes the incontestability of NetJets' trademark. (*Id.* at PageID# 174.) Intellijet seeks reconsideration of the Magistrate Judge's denial of leave to file its second amended counterclaim.

## II.

Intellijet moves for reconsideration of the Magistrate Judge's order under Fed. R. Civ. P. 72. Because the Magistrate Judge's Order to which Intellijet objects concerns a nondispositive motion, this Court reconsiders the Order under the "clearly erroneous or contrary to law" standard of review contained in Fed. R. Civ. P. 72(a). *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard applies to factual findings made by the Magistrate, while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994) (table). This Court's review under the "contrary to law" standard is plenary, and the

3

Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (citations and internal quotations omitted).

In denying leave for Intellijet to file its second amended counterclaim, the Magistrate Judge determined that Intellijet's proposed amendment, which added a basis for cancellation of NetJets' mark, failed to state a claim for relief because a registration being "void *ab initio*" is not an enumerated ground for challenging incontestability status under 15 U.S.C. § 1115(b).  The Court disagrees with the Magistrate Judge's analysis and finds that Intellijet has stated a valid challenge to incontestability status based on a theory that NetJets' registration of the "INTELLIJET" mark was void *ab initio* by virtue of (1) failing to meet the requirements of incontestability under 15 U.S.C. § 1065 or (2) being obtained "fraudulently" within the meaning of 15 U.S.C. § 1115(b)(1).

### A.  15 U.S.C. § 1065

Under 15 U.S.C. § 1065, "the right of the owner to use such registered mark in commerce for the goods or services on or in connection with which such registered mark *has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce*, shall be incontestable." (Emphasis added.)  Intellijet concedes that an *incontestable* trademark registration may be challenged only under one of the statutory grounds enumerated in 15 U.S.C. § 1115(b).  But in its objections, Intellijet contends that the exceptions in Section 1115(b) do not come into play until the registrant first establishes the conditions of incontestability under Section 1065.  In other words, Intellijet argues that it is not foreclosed from challenging the "INTELLIJET" registration as "void *ab initio*" for failure to satisfy the use-in-commerce requirement.

4

The Court finds legal merit in Intellijet's statutory interpretation with regard to 15 U.S.C. § 1065. The Magistrate Judge's order and the arguments of NetJets proceed from the premise that NetJets' "INTELLIJET" mark has conclusively obtained incontestability status under Section 1065, leaving only the bases set forth in Section 1115(b) as the exclusive methods of challenging incontestability. But this analysis places the cart before the horse. In *Park'n Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985), the United States Supreme Court expressly stated that Section 1115(b) "provides that registration is conclusive evidence of the registrant's exclusive right to use the mark, *subject to the conditions of [Section 1065]* and the seven defenses enumerated in [Section 1115(b)] itself." *Id.* at 196; *see also id.* at 194 ("§ 33(b) of the Lanham Act [15 U.S.C. § 1115(b)] states that 'registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark' subject to the conditions of § 15 [15 U.S.C. § 1065] and certain enumerated defenses"). In other words, a registrant must meet the requirements of incontestability in 15 U.S.C. § 1065; a registrant's failure to satisfy them means that the registrant has not obtained incontestability status over a mark in the first place.

In light of *Park'n Fly*'s description of the statutory interplay between 15 U.S.C. § 1065 and § 1115(b), the Court finds that the Magistrate Judge erred in rejecting Intellijet's proposed second amended complaint. Intellijet's proposed amendment seeks cancellation of NetJets' registration of "INTELLIJET" on the additional ground that it is void *ab initio* because NetJets did not, in fact, use "INTELLIJET" in interstate commerce either at the time of its application or for five consecutive years preceding NetJets' declaration of use and incontestability. Thus, Intellijet alleges that NetJets failed to obtain incontestability status under Section 1065 in the first place. The Court finds that this allegation states a valid claim for cancellation of NetJets' mark under the Lanham Act.

### B. 15 U.S.C. § 1115(b)

Even assuming that NetJets' registration of the "INTELLIJET" mark obtained incontestability status under 15 U.S.C. § 1065, the Court finds an additional ground for granting reconsideration. The proposed second amended counterclaim pleads a basis for challenging incontestability under 15 U.S.C. § 1115(b). This section provides seven grounds for defeating incontestability. The grounds are:

(1) That the registration or the incontestable right to use the mark was obtained fraudulently; or

(2) That the mark has been abandoned by the registrant; or

(3) That the registered mark is being used, by or with the permission of the registrant or a person in privity with the registrant, so as to misrepresent the source of the goods or services on or in connection with which the mark is used; or

(4) That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin; or

(5) That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to (A) the date of constructive use of the mark established pursuant to section 7(c) [15 USCS § 1057(c)], (B) the registration of the mark under this Act if the application for registration is filed before the effective date of the Trademark Law Revision Act of 1988, or (C) publication of the registered mark under subsection (c) of section 12 of this Act [15 USCS § 1062(c)]: Provided, however, That this defense or defect shall apply only for the area in which such continuous prior use is proved; or

(6) That the mark whose use is charged as an infringement was registered and used prior to the registration under this Act or publication under subsection (c) of section 12 of this Act [15 USCS § 1062(c)] of the registered mark of the registrant, and not abandoned: Provided, however, That this defense or defect shall apply only for the area in which the mark was used prior to such registration or such publication of the registrant's mark; or

  (7) That the mark has been or is being used to violate the antitrust laws of the United States; or

  (8) That the mark is functional; or

  (9) That equitable principles, including laches, estoppel, and acquiescence, are applicable.

*Id.*

  The Magistrate Judge concluded that Section 1115(b) does not include a mark being "void *ab initio*" as one of the grounds for challenging incontestability status. (ECF No. 34 at PageID# 175.) Thus, the Magistrate Judge found that Section 1115(b) precluded the defense that Intellijet sought to plead in its second amended counterclaim. (*Id.*)

  Section 1115(b)(1) provides that incontestability may be challenged on the basis that "the registration or the incontestable right to use the mark was obtained fraudulently." The Magistrate Judge did not find that this section applied, deeming Intellijet not to be raising this ground for cancelling NetJets' trademark. The Magistrate Judge reasoned:

> Section 1115(b)(1) does permit a challenge on the ground that "the registration or the incontestable right to use the mark was obtained fraudulently." However, I do not read the proposed amended counterclaim to plead that the registration was obtained by fraud. It merely alleges that NetJets asserted it used the mark in interstate commerce when the only use of the mark was by NetJets employees in internal flight management operations.

(ECF No. 34 at PageID# 175-76.)

  Instead of establishing a failure to state a claim, the Magistrate Judge's reasoning brings Intellijet's "void *ab initio*" theory squarely into Section 1115(b)(1)'s coverage. The Magistrate Judge's reasoning can just as easily be reworded to say that the counterclaim "merely alleges that NetJets asserted it used the mark in interstate commerce when NetJets did not use the mark in

7

interstate commerce." Indeed, it is Intellijet's theory that NetJets *falsely* claimed it used the "INTELLIJET" mark in interstate commerce when it did not do so.

In essence, Intellijet *is* arguing that NetJets registration was obtained fraudulently. Intellijet theorizes that NetJets made a false statement in its registration application when it stated that its mark was used in interstate commerce. Intellijet therefore alleges that NetJets' registration of the "Intellijet" mark could not have become incontestable because its original registration was based upon a false statement.

The Magistrate Judge and NetJets place undue emphasis on Intellijet's use of the phrase "void *ab initio*" as the linchpin to the argument that Intellijet's proposed amendment to its counterclaim is futile. To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Under this standard, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The plaintiff must provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a), that is "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Here, Intellijet's proposed second amended counterclaim meets the standard for overcoming a Rule 12(b)(6) motion. In *substance*, Intellijet is alleging that NetJets obtained its original registration fraudulently and could not, therefore, obtain incontestability status over the

mark.  Intellijet's pleading of its theory in terms of the registration being "void *ab initio*" is not fatal to its claim.  Intellijet alleges and seeks to prove is that NetJets obtained its registration and incontestability status through the allegedly false statement that NetJets used the "INTELLIJET" mark in interstate commerce since 1995 when it did not do so.  If Intellijet is able to prove this set of facts in this case, Intellijet will be able to prevail on its challenge to NetJets' registration.  Regardless of the fact that Intellijet has labeled its amended counterclaim as being that NetJets' registration is "void *ab initio*," the substance of Intellijet's amendment is that NetJets obtained its registration and incontestability status through a false (*i.e.*, fraudulent) statement.

      The Court is mindful of the Magistrate Judge's reliance on *Collectable Promotional Prods., Inc. v. Disney Enters., Inc.*, No. CIV-06-1187-D, 2009 WL 1543449, 2009 U.S. Dist. LEXIS 46775 (W.D. Okla. June 2, 2009).  In *Collectable Promotional Prods.*, the defendants sought to cancel a trademark on the ground that it was "void *ab initio*" because the owner's trademark application "stated that the mark had been used in commerce prior to the date of the application when, in fact, there was no prior use in commerce."  2009 U.S. Dist. LEXIS 46775 at *14.  The defendants challenged the mark at issue in *Collectable Promotional*, arguing that the trademark owner did not use the mark in commerce until at least seven months after the date disclosed on its registration application.  *Id.* at *16.  Though acknowledging that the registration of a mark that does not meet the "use" requirement is "void *ab initio*," the *Collectable Promotional* court rejected the defendants' challenge to incontestability, reasoning that a mark being "void *ab initio*" was not an enumerated ground for challenging a mark's incontestability status under 15 U.S.C. § 1115(b).  *Id.* at *21-22.  NetJets urges this Court to follow *Collectable Promotional*, just as the Magistrate Judge did in his ruling.

9

For its part, Intellijet argues that *Collectable Promotional* is "an outlier in every sense of the word." (ECF No. 35 at PageID# 201.)  While the Court will not necessarily go that far in describing the case, the Court agrees with Intellijet that *Collectable Promotional* is not persuasive here.  A distinguishing factor of the *Collectable Promotional* case is that the court there observed, "While cancellation could arguably be sought on the grounds that [plaintiff] fraudulently misrepresented the date of use or otherwise committed fraud in its trademark application, *Defendants do not allege that it did so*."  2009 U.S. Dist. LEXIS 46775 at *23. Indeed, there was an issue raised in *Collectable Promotional* as to whether the plaintiff misunderstood the meaning of the term "use."  *See id.* at *18, *23-24.  Accordingly, it was perhaps theoretically possible that there may have been a misrepresentation of the date of first use in *Collectable Promotional* but not necessarily a *fraudulent* one.  In contrast, the substance of Intellijet's allegation in its proposed second amended counterclaim is that NetJets' trademark application contained the materially false statement NetJets used the term "INTELLIJET" in interstate commerce.  Based on the nature of Intellijet's allegation in this case, the Court does not find *Collectable Promotional* persuasive.  Not all "void *ab initio*" allegations are created equal— here, Intellijet's allegations of "void *ab initio*" bring its challenge within the scope of 15 U.S.C. § 1115(b)(1).

### III.

For the foregoing reasons, the Court finds that Intellijet's proposed amended counterclaim states a valid claim for cancellation based on the allegation that NetJets' registration of the mark was "void *ab initio*" and therefore did not obtain incontestable status under 15 U.S.C. § 1065.  The Court also construes the second amended counterclaim as alleging that NetJets obtained its registration or incontestable status fraudulently, thereby raising a

10

statutory challenge to incontestability recognized under 15 U.S.C. § 1115(b).  Accordingly, the Court **GRANTS** Intellijet's motion for reconsideration (ECF No. 35) of the Magistrate Judge's order denying leave to amend and hereby **GRANTS** Intellijet leave to file its amended counterclaim.  The Court **HEREBY ORDERS** Intellijet to file its second amended counterclaim forthwith.

The Court is mindful of the fact that a final pretrial conference in this case is scheduled for November 5, 2013, and that the parties have fully briefed Intellijet's pending motion for summary judgment on the complaint and existing counterclaim.  The Court hereby converts the final pretrial conference scheduled for November 5, 2013, into a status conference at which the parties and the Court will discuss necessary adjustments to the pretrial schedule in light of the Court's allowance of leave to amend Intellijet's counterclaim.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**  
**GREGORY L. FROST**  
**UNITED STATES DISTRICT JUDGE**